# APPEAL NO.: 22-11456-HH

## IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

---

UNITED STATES OF AMERICA,
PLAINTIFF-APPELLEE,

v.

XAVIER RASHAD BROOKS,
DEFENDANT-APPELLANT

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

CASE NO.: 7:21-CR-00001-HL-TQL-1

---

# APPELLANT'S PRINCIPAL BRIEF

---

JESSICA M. LEE
Federal Defenders of the
Middle District of Georgia, Inc.
233 12th Street, Suite 400
Columbus, Georgia 31901
Tel: (706) 358-0030
Fax: (706) 358-0029
Email: jessy_m_lee@fd.org
Appellate Counsel for Mr. Brooks

*U.S. v. Brooks, 22-11456*

## Appellant's Certificate of Interested Persons and Corporate Disclosure Statement

**Brooks, Xavier Rashad**, Defendant-Appellant;

**Hunt, Christina L.**, Executive Director for the Federal Defenders of the Middle District of Georgia, Inc.;

**Langstaff, Thomas Q.**, United States Magistrate Judge, Middle District of Georgia;

**Lawson, Hugh**, Senior United States District Judge, Middle District of Georgia;

**Leary, Peter, D.**, United States Attorney, Middle District of Georgia;

**Lee, Jessica M.**, Appellate Attorney for Defendant-Appellant, Mr. Brooks, Assistant Federal Defender for the Federal Defenders of the Middle District of Georgia, Inc.;

**McCullers, Robert, D.**, Assistant United States Attorney, Middle District of Georgia;

**Schieber, Michelle**, Assistant United States Attorney, Middle District of Georgia;

**Sullivan, Kelly, M.**, Attorney for Defendant-Appellant, Mr. Brooks, Assistant Federal Defender for the Federal Defenders of the Middle

*U.S. v. Brooks, 22-11456*

District of Georgia, Inc.;

**Treadwell, Marc T.**, Chief Judge, United States District Court, Middle

District of Georgia;

**Weigle, Charles, H.**, United States Magistrate Judge, Middle District

of Georgia;

There were no victims identified in this case; and, no publicly

traded company or corporation has an interest in the outcome of this

appeal.

## Statement Regarding Oral Argument

Mr. Brooks leaves oral argument to the discretion of the Court.

# Table of Contents

Appellant's Certificate of Interested Persons and Corporate Disclosure Statement...........................................................................C1 of 2

Statement Regarding Oral Argument .......................................................i

Table of Contents.................................................................................ii

Table of Authorities ............................................................................iv

Statement of Subject Matter and Appellate Jurisdiction........................ 1

Statement of the Issues ........................................................................ 2

Statement of the Case........................................................................... 3

    A.    Course of Proceedings................................................................. 3

    B.    Statement of Facts..................................................................... 4

    C.    Standard of Review..................................................................... 7

Summary of the Argument .................................................................... 8

Argument and Citation of Authority .................................................... 10

    I.   Georgia Robbery is indivisible and should not qualify as a crime of violence.......................................................................................... 10

        A.    Georgia robbery statute is indivisible...................................... 14

        B.    Mr. Brooks' prior Georgia robbery conviction is not a crime of violence under the elements clause................................................. 20

        C.    Mr. Brooks' prior Georgia robbery conviction is not a crime of a violence under the enumerated offense clause................................. 21

    II.    The district court erred when it applied the enhancements under USSG §2K2.1(b)(4) and §2K2.1(b)(6)(B)............................................. 25

A.    The Smith & Wesson stolen firearm should not have been included as relevant conduct and the two-level enhancement under USSG §2K2.1(b)(4) ............................................................................ 27

B.    The Government failed to provide evidence that the stolen Smith & Wesson was used in connection with another felony offense. ............................................................................ 29

Conclusion ............................................................................ 33

Certificate of Compliance ............................................................................ 34

Certificate of Service ............................................................................ 35

# Table of Authorities

## Cases

*Apprendi v. New Jersey*, 520 U.S. 466 (2000) ........................................ 19

*Cintron v. U.S. Att'y Gen.,* 882 F.3d 1380 (11th Cir 2018) ...............12, 14

*Descamps v. United States*, 570 U.S. 254 (2013). ..........................*passim*

*Hogan v. State*, 343 S.E.2d 770 (Ga. App. 1986) ................................... 16

*Johnson v. United States*, 136 S.Ct. 1257 (2016)................................... 24

*Kilpatrick v. State*, 618 S.E.2d 719 (Ga. App. 2005)............................. 16

*King v.* State, 214 S.E. 2d 645 (Ga. App. 1994) .................................... 20

*Mathis v. United States*, 136 S. Ct. 2243 (2016)……………...……*passim*

*Meyers v. State,* 547 S.E. 2d 781 (Ga. App. 2001)................................. 20

*Millender v. State*, 648 S.E.2d 777 (Ga. Ct. App. 2007)........................ 16

*Moncrieffe v. Holder*, 569 U.S. 184, 133 S.Ct 1678 (2013)...............11, 21

*Nelson v. State*, 203 Ga. 330 (1948) ...................................................... 16

*United States v. Bennett*, 472 F.3d 825 (11th Cir. 2006) ...................... 26

*United States v. Blount*, 337 F.3d 404 (4ᵗʰ Cir. 2003)........................... 31

*United States v. Braun,* 801 F.3d 1301 (11ᵗʰ Cir. 2015) ....................... 13

*United States v. Cochran*, 2018 WL 1709506 ..................................21, 22

*United States v. Davis,* 875 F.3d 592 (11th Cir. 2017) ...............10, 11, 23

*United States v. Estrella*, 758 F.3d 1239 (11ᵗʰ Cir. 2014)...................... 19

iv

*United States v. Farris*, 77 F.3d 391 (11th Cir. 1996).............................. 24

*United States v. Fluker*, 891 F.3d 541 (4th Cir. 2018)............................ 22

*United States v. Harris,* 586 F.3d 1283 (11th Cir. 2009)......................... 7

*United States v. Howard*, 742 F.3d 1334 (11th Cir. 2014)...................... 21

*United States v. Jackson*, 713 F.App'x 172 (4th Cir. 2017) .........18, 21, 22

*United States v. Johnson*, No. 13-14335 (11th Cir. 2014)....................... 24

*United States v. Kinnard*, 472 F.3d 1294 (11th Cir. 1996).................... 25

*United States v. Lawrence*, 47 F.3d 1559 (11th Cir. 1995) .................... 27

*United States v. Lockley*, 632 F.3d 1238 (11th Cir. 2011)....................... 21

*United States v. Palomino Garcia*, 606 F.3d 1317 (11th Cir. 2010) ........ 7

*United States v. Rodriguez*, 398 F.3d 1291 (11th Cir. 2005). ................ 26

*United States v. Shaw*, 560 F.3d 1230 (11th Cir. 2009).......................... 25

*United States v. Welch*, 683 F.3d 1304 (11th Cir. 2012) ......................... 24

*Unites States v. Rosales-Bruno,* 676 F.3d 1017 (11th Cir. 2012)............ 13

## Statutes

18 U.S.C. §3231........................................................................... 1

18 U.S.C. §3742........................................................................... 1

28 U.S.C. §1291........................................................................... 1

## Other Authorities

Georgia Suggested Pattern Jury Instructions, Vol II: Criminal Cases, Robbery, §2.60.10 (4th ed. 2020) ("Ga. Jury Instr.") ........................... 17

O.C.G.A. §16-8-40 ...............................................................*passim*

## Rules

11th Cir. R. 32-4 ................................................................ 34

Fed. R. App. P. 32 (a)(7) .................................................... 34

Fed. R. App. P. 32(a)(7)(B)(i) ........................................... 34

Fed. R. App. P. 4(b)(1)(A)(i) ............................................... 1

Fed. R. Crim. P. 32(c)(3)(D) ............................................. 27

## Sentencing Guidelines

USSG §1B1.3 ..................................................................... 27

USSG §1B1.3(a)(2) ............................................................ 27

USSG §2K2.1(a)(1) ...........................................................*passim*

USSG §2K2.1(a)(4) ............................................................ 28

USSG §2K2.1(b)(4) ..........................................................*passim*

USSG §2K2.1(b)(6)(B) .....................................................*passim*

USSG § 4B1.2………………………………………...…*passim*

USSG §4B1.2(a) ............................................................8, 20

USSG §4B1.2(a)(1) ............................................................. 8

## Statement of Subject Matter and Appellate Jurisdiction

This is a direct appeal in a criminal proceeding in the United States District Court for Middle District of Georgia, Valdosta Division. The district court had jurisdiction of this case pursuant to 18 U.S.C. §3231 because the defendant was charged with an offense against the laws of the United States. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. §1291 and 18 U.S.C. §3742, which gives the courts of appeals jurisdiction over all final decisions and sentences of the district courts of the United States. The district court imposed sentence on April 13, 2022 and entered the final judgment on April 14, 2022. Mr. Brooks filed his notice of appeal on April 27, 2022, making his appeal timely pursuant to Fed. R. App. P. 4(b)(1)(A)(i).

## Statement of the Issues

1. Whether the district court erred when it applied the enhancement under USSG §2K2.1(a)(1) for the Georgia robbery as a crime of violence.

2. Whether the district court erred when it applied the enhancements under USSG §2K2.1(b)(4) and USSG §2K2.1(b)(6)(B).

## Statement of the Case
### A. Course of Proceedings

A federal grand jury indicted Mr. Brooks for one count of Possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1) on January 13, 2021. (Doc. 1). Mr. Brooks had his initial appearance on November 15, 2021 and was ordered detained pending final disposition of his case. (Doc. 11, 20).

On January 10, 2022, Mr. Brooks pled guilty to the one-count indictment. (Doc. 24). The U.S. Probation office prepared a draft presentence investigation report ("PSR") on March 10, 2022 and calculated Mr. Brook's sentencing guideline range to 108 to 120 months based on a total offense level of 29 and criminal history category of III. (Doc. 26, 30). Mr. Brooks filed objections to the draft PSR on March 24, 2022 and March 29, 2022. (Doc. 27, 28).

On April 13, 2022, the district court sentenced Mr. Brooks to 100 months imprisonment followed by three years of supervised release. (Doc. 32). The final judgment was filed on April 14, 2022. (Doc. 34). Mr. Brooks filed his timely notice of appeal on April 27, 2022. (Doc. 37). This appeal follows.

Mr. Brooks is currently incarcerated at the Federal Correctional Institute ("FCI") Jesup in Jesup, Georgia.

### B. Statement of Facts

On October 12, 2020, the Valdosta and Remerton Police Departments reported to Remerton Mill Apartments in Lowndes County, Georgia in response to a suspected vehicle. (Doc. 44 at 11). Two males were observed walking from an apartment building to the vehicle. Mr. Brooks was one of the males. *Id.* Officer Dudley approached the men, but Mr. Brooks turned away and walked around the corner of the apartment building. *Id.* Officer told Mr. Brooks to keep his hands visible and walk toward the office. *Id.* Mr. Brooks ducked behind a vehicle and reappeared with his hands up. *Id.* Another officer arrived on scene, while Officer Dudley walked to the location where Mr. Brooks had previously ducked. (Doc. 44 at 12) Officer Dudley found a black Glock Model 19, Serial Number BEYP507. Officer Dudley told the other officer to detain Mr. Brooks, but he fled on foot. *Id.* Arrest warrants were issued and Mr. Brooks was arrested on October 15, 2020. *Id.*

A federal indictment was issued on January 13, 2021 charging Mr. Brooks with one count of possession of a firearm by a convicted felon for

the Glock Model 19, Serial Number BEYP507. (Doc. 1). Mr. Brooks had his initial appearance and arraignment on November 15, 2021 and was ordered detained on November 22, 2021. (Doc. 11, 20).

Mr. Brooks pled guilty to the one count indictment on January 10, 2022. (Doc. 24). The U.S. Probation office prepared a presentence investigation report ("PSR") on March 10, 2022. (Doc. 26). Mr. Brooks filed objections to the PSR on March 24, 2022 and March 29, 2022. (Doc. 27, 28). Mr. Brooks objected to the enhancements being applied to his case under USSG §2K2.1(a)(1) and §2K2.1(b)(6)(B). *Id.*

During the sentencing hearing on April 13, 2022, Mr. Brooks raised an additional objection during the sentencing hearing to the relevant conduct and stolen firearm enhancement under USSG §2K2.1(b)(4) for the unindicted, unrelated stolen Smith & Wesson that was found during a traffic stop on January 17, 2021. (Doc. 47 at 3-5). The offense conviction was for the Glock firearm and was not reported stolen. Mr. Brooks argue that Smith & Wesson should not have been included as relevant conduct because they are unrelated separate incidents, three months apart, and no evidence to show ownership by Mr. Brooks. (Doc. 47 at 5-6). The second objection Mr. Brooks raised was to the four-level

enhancement for possession of a firearm in connection with another felony offense. (Doc. 47 at 6). Mr. Brooks was charged with theft by receiving stolen property when he was arrested on January 17, 2021 solely because the firearm was reported stolen from 2018. Mr. Brooks objected that the firearm could not facilitate the separate felony of theft by receiving firearm when the gun is the issue. (Doc. 47 at 7). Lastly, Mr. Brooks argued that his 2007 Georgia robbery conviction does not qualify as a predicate crime of violence under USSG §2K2.1(a)(1) and §4B1.2(a) because it is indivisible and does not qualify under the enumerated nor elements clause. (Doc. 47 at 8).

The district court overruled all of Mr. Brooks' objections and sentenced him to 100 months to be served consecutively to any period of imprisonment imposed by Brooks County, Georgia Superior Court in case number 21-2 MW. (Doc. 47 at 36). The final judgment was filed on April 14, 2022. (Doc. 34). Mr. Brooks filed his timely notice of appeal on April 27, 2022. (Doc. 37).

6

## C. Standard of Review

This Court reviews *de novo* whether a defendant's prior conviction qualifies as a crime of violence under the Sentencing Guidelines. *United States v. Palomino Garcia*, 606 F.3d 1317, 1326 (11th Cir. 2010).

In determining whether a Guideline enhancement applies, this Court reviews the district court's application *de novo* and its factual findings for clear error. *United States v. Harris,* 586 F.3d 1283, 1284 (11th Cir. 2009).

## Summary of the Argument

The district court erred when it applied the enhancement under USSG §2K2.1(a)(1) for the Georgia robbery as a crime of violence predicate under USSG §4B1.2(a). When applying the categorical approach, Georgia robbery under O.C.G.A. §16-8-40 does not qualify as a crime of violence because it is indivisible, does not have the requisite use of violent physical force required under the elements clause of USSG §4B1.2(a)(1), and is broader than the generic definition of robbery under the enumerated offense clause. Mr. Brooks' Georgia robbery conviction should not have been used as a crime of violence under USSG §2K2.1(a)(1) and §4B1.2(a).

Further, the district court erred when it applied the enhancements under USSG §2K2.1(b)(4) and §2K2.1(b)(6)(B) for the unrelated stolen Smith & Wesson firearm that was not the firearm in the offense conviction. The government failed to provide evidence that the unrelated stolen Smith & Wesson firearm was in the same common scheme, conduct or plan to warrant inclusion under relevant conduct. The offense conviction was for the Glock 19, which was not stolen and the only firearm indicted. The Smith & Wesson should not have been

included under relevant conduct and then used to apply a two-level enhancement. Further, the same unrelated firearm was used as the basis for the four-level enhancement for possession of a firearm in connection with another felony offense. Because the firearm was reported stolen in 2018, Mr. Brooks was charged with theft by receiving stolen property. The government provided no evidence that Mr. Brooks was involved with any thefts involving the firearm or that Mr. Brooks even possessed the firearm. Further, no evidence was provided to show the stolen firearm facilitated the separate crime of theft by receiving stolen property, when it is the act in question. The four-level enhancement should not have been applied and Mr. Brooks' case should be remanded for resentencing.

## Argument and Citation of Authority

## I. Georgia Robbery is indivisible and should not qualify as a crime of violence.

U.S.S.G. §2K2.1(a)(1) sets the base offense level for the unlawful possession of a firearm at 26, if, *inter alia*, "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of . . . a crime of violence . . . .[,]" as that term is defined in USSG § 4B1.2. Section 4B1.2 has two clauses: the "force clause" of §4B1.2(a)(1) (also called the "elements clause"), and, at issue here, the "enumerated clause" of §4B1.2(a)(2).

In determining whether a state conviction qualifies as a "crime of violence" under the Guidelines, the Court applies a categorical approach, examining only "the elements of the statute of conviction, not the specific conduct of a particular offender." *United States v. Davis*, 875 F.3d 592, 597 (11th Cir. 2017). The sentencing court's focus is only on the elements of the offense and the generic definitions of a "crime of violence." *See Descamps v. United States*, 570 U.S. 254, 257 (2013).

Since an examination of the state conviction does not involve an analysis of the underlying facts, the Court must presume that the conviction "rested upon nothing more than the least of the acts

10

criminalized" by the statute. *Moncrieffe v. Holder*, 569 U.S. 184, 190-91, 133 S.Ct 1678 (2013). After identifying the elements of the crime, courts must then "decide whether the least of the acts criminalized by that statutory phrase" constitutes a crime of violence. *See United States v. Davis,* 875 F.3d 592, 598 (11th Cir. 2017). If the statute criminalizes a broader range of conduct than allowed under USSG 4B1.2's definition of a "crime of violence", it cannot qualify. *See Descamps v. United States*, 570 U.S. 254, 257 (2013). "In most cases, the categorical approach should be the beginning and end of the analysis." *United States v. Estrella*, 758 F.3d 1239, 1245 (11th Cir. 2014).

However, in a narrow range of cases, the statute of conviction is "divisible," which makes comparison of the elements more difficult. A divisible statute "lists multiple, alternative elements," which "effectively creates several different crimes." *Descamps v. United States*, 570 U.S. 254, 264, (alteration accepted)(internal quotation mark omitted). A statute may appear to describe alternative "elements"—that is, the "constituent parts' of a crime's legal definition," which the prosecution must prove to obtain a conviction- but it actually describes alternative "means." *Cintron v. U.S. Att'y Gen.,* 882 F.3d 1380, 1384

11

(11th Cir 2018). "Means," by contrast, are merely "various factual ways of committing some component of the offense [and] a jury need not find (or a defendant admit) any particular item." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). This determination makes a sizable difference: if a statute lists alternative means, rather than alternative elements, and any of those means "would not constitute [a violent felony], then the statute is indivisible and categorically cannot qualify. *See Citron,* 882 F.3d at 1384.

The Supreme Court in *Mathis v. United States* set forth a framework for determining whether an alternatively phrased statute contains elements of means. The Supreme Court instructed courts to consult "authoritative sources of state law," including the language of the statute itself, pertinent state court decisions, and- if the law fails to provide clear answers- record documents from the defendant's own prior conviction. *Mathis*, 136 S.Ct at 2256. As to a statute's text, the "statutory alternatives [may] carry different punishments," which would indicate that they were elements. *Id.* On the other hand, the alternatives may be "drafted to offer 'illustrative examples,'" in which case the alternatives would be different means of committing the

12

offense. *Id.* Finally, "a statute may itself identify which things must be charged (and so are elements) and which need not be (and so are means)." *Id.*

If the language of the statute does not resolve the question, "a state court decision may." *Cintron*, 882 F.3d at 1385 (citing *Mathis,* 136 S. Ct. at 2256).; *see also United States v. Braun,* 801 F.3d 1301, 1303 (11th Cir. 2015) ("We are bound by federal law when we interpret terms in the ACCA, and we are bound by the state law when we interpret the elements of state-law crimes."); *Unites States v. Rosales-Bruno,* 676 F.3d 1017, 1021 (11th Cir. 2012) ("[W]e look to [state] case law to determine whether  a conviction under [a state statute] necessarily involves the employment of 'physical force' as that term is defined by federal law.").

In *Mathis,* the Supreme Court concluded that a state court decision holding that the alternatively listed items were "alternative methods of committing one offense, so that a jury need not agree" on a specific statutory alternative, "definitively answer[ed] the question." *Mathis*, 136 S. Ct. at 2256 (alteration accepted)(internal quotation mark

omitted). "When a ruling of that kind exists," the Court stated, " a sentencing judge need only follow what it says." *Id.*

Further, if the text of the statute and state decisional law is unclear, "then courts may look to other evidence of state law, including indictments or jury instructions." *Cintron*, 882 F.3d at 1385 (citing *Mathis*, 136 S. Ct. at 2256-57). For instance, if one of these documents includes all the statutory alternatives or uses a "single umbrella term," then this indicates that the statute is indivisible. *Mathis*, 136 S. Ct. at 2257. On the other hand, "an indictment and jury instructions could indicate, by referencing one alternative term to the exclusion of all others that the statute contains a list of elements, each one of which goes toward a separate crime." *Id.* If these sources of state law "do not 'speak plainly,' [then we] must resolve the inquiry in favor of indivisibility." *Cintron*, 882 F.3d at 1385 (citing *Mathis*, 136 S.Ct. at 2257).

A.    <u>Georgia robbery statute is indivisible</u>

This Court's analysis of whether the Georgia robbery statute is indivisible or divisible begins, as *Mathis* instructs, with the text of the robbery statute itself. Under Georgia law, a robbery occurs "when, with

intent to commit theft," an individual takes property of another from the person or the immediate presence of another: (1) by use of force; (2) by intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or another; or (3) by sudden snatching." Ga. Code Ann. §16-8-40(a). "A person convicted of the offense of robbery shall be punished by imprisonment for not less than one nor more than 20 years." Ga. Code Ann. §16-8-40(b).

Nothing in the plain language of this statute clarifies whether the alternatives are elements or means. Further, the statute does not explicitly state whether a jury could return a conviction without agreeing unanimously on a particular alternative. Finally, because all of the alternatives carry the same punishment[1], the Due Process Clause does not require that any such unanimous agreement to be reached. *See Mathis*, 136 S.Ct at 2256 (2016)..

---

[1] The Georgia legislature amended the robbery statute in 1968 to provide for a single penalty for the crime of robbery. "[R]evising the statutory scheme to reflect a single penalty signals a legislative decision that robbery, by any of the listed means, is fundamentally equivalent for penalty purposes." *United States v. Cochran,* 2018 WL 1709506 at *5 (NDFL 2018).

Due to the above, this Court must turn to state decisional law. The state decisional law clearly shows the Georgia robbery statute to be indivisible- in that, the robbery statute articulates alternatives methods or means of committing the offense, instead of alternative elements of functionally separate crimes. In *Nelson v. State*, 203 Ga. 330, 337 (1948), the Georgia Supreme Court stated that "the offense of robbery may be committed by three methods." The Georgia Court of Appeals has characterized the robbery statute in those same terms. In *Hogan v. State*, 343 S.E.2d 770, 771-72 (Ga. App. 1986), the Georgia Court of Appeals stated that "the crime of robbery requires proof that one, with intent to commit theft, took property from the person of immediate presence of another by employment of one of the various alternative means enumerated in Ga. Code Ann. §16-8-40. Further, in *Kilpatrick v. State*, 618 S.E.2d 719, 720 (Ga. App. 2005), the Court of Appeals again explained that the statute "outlines…alternative ways in which a person can commit the offense of robbery." In *Millender v. State*, 648 S.E.2d 777 (Ga. Ct. App. 2007), the defendant was indicted for armed robbery, and the Court of Appeals found no error where the jury, which had been separately charged on robbery by force, robbery by

intimidation and robbery by sudden snatching, convicted the defendant of a single count of generic "robbery" without "specifying the form of the robbery upon which its guilty verdict was based." *Id.* at 779 & n.7. Again, as the Supreme Court instructed in *Mathis,* "[w]hen a ruling of [this] kind exists; a sentencing judge need only follow what it says." *Mathis,* 136 S.Ct at 2256.

Further, this analysis of Georgia law is consistent with Georgia's Suggested Pattern Jury Instructions prior to the revision in 2021, which identifies three "essential elements of the robbery offense that the State must prove beyond a reasonable doubt. "Georgia Suggested Pattern Jury Instructions, Vol II: Criminal Cases, Robbery, §2.60.10 (4th ed. 2020) ("Ga. Jury Instr."). The third and final elements requires that a taking have been done either "by force, by intimidation, by the use of threat or coercion, by placing such person or another in fear of immediate serious bodily injury to himself/herself or another; or by sudden snatching." *Id.*

17

Pursuant to this version of the instruction[2], a jury would not have to agree unanimously on which of the statutory alternatives a defendant committed to return a conviction. Rather, the jury need only agree that one of those means was employed. *See United States v. Jackson*, 713 F. App'x 172, 176 (4th Cir. 2017) (block quoting §2.60.10 and explaining: "Under this instruction, a jury need not agree unanimously that the felonious taking committed by the use of force, by intimidation, or by sudden snatching, but only that one of the those means was employed.") Accordingly, Georgia's pattern jury instructions further support the conclusion that the robbery statute is a single crime and enumerates different means versus elements. The case law and jury instructions demonstrate that Georgia law does not require that a prosecutor charge, that a jury agree to, or that a judge find the method by which a defendant has committed a robbery in order to convict that defendant of robbery. Therefore, Georgia's robbery statute is indivisible. This result is consistent with one of the primary fears behind the Supreme Court's reasoning in *Mathis:* indeterminacy in charging, conviction, and sentencing will at times necessarily lead to inaccuracies or omissions in

[2] In July 2022, the Georgia Pattern Jury instruction for robbery under

18

the court record that "come back to haunt them many years down the road by triggering a lengthy mandatory sentence." *Mathis,* 136 S. Ct. at 2253 (quotation and citation omitted); *see also United States v. Estrella*, 758 F.3d 1239, 1246 (11th Cir. 2014) ("If a defendant charged with violating the statute went to trial, would the jurors typically be required to agree that their decision to convict is based on one of the alternative elements?... If not, then the statute is both overbroad and indivisible and cannot serve as a predicate offense for the purpose of a sentence enhancement."). Georgia's indeterminacy also implicates *Mathis'* warning that "allowing a sentencing judge to go any further [than considering the elements of a conviction] would raise serious Sixth Amendment concerns… [because] only a jury, and not a judge, may find facts that increase a maximum penalty, except for the simple fact of a prior conviction." *Mathis*, 136 S. Ct. at 2252 (citing *Apprendi v. New Jersey*, 520 U.S. 466 at 490)(2000). Based on the foregoing, Georgia robbery statute should be found to be indivisible.

---

§2.60.10 went under revisions.

B.    <u>Mr. Brooks' prior Georgia robbery conviction is not a crime of
      violence under the elements clause</u>

As discussed in preceding sections, the Court must employ a
categorical approach to determine if Mr. Brooks' Georgia robbery
conviction constitutes a crime of violence under the elements clause of
USSG §4B1.2(a). The critical inquiry under the categorical approach is
whether the least of the acts criminalized by Georgia's robbery statute
necessarily has the use, attempted use, or threatened use of violent
physical force against the person of another. *See Descamps*, 570 U.S. at
257. Because Georgia robbery is indivisible, the least of the acts
criminalized under O.C.G.A. §16-8-40, robbery by sudden snatching,
does not have the requisite level of violent physical force called for
under §4B1.2(a). The Georgia Supreme Court held that robbery by
sudden snatching can occur when "no other force is used than is
necessary to obtain possession of the property from the owner, who is off
guard, and no resistance by the owner or injury to his person." *King v.
State*, 214 S.E. 2d 645 (Ga. App. 1994). The property need only be taken
from the victim's immediate presence, which "extends well beyond his
person or his reach." *Meyers v. State,* 547 S.E. 2d 781 (Ga. App. 2001).
Therefore, Georgia robbery by sudden snatching does not require the

20

use, attempted use or threatened use of violent physical force and cannot qualify as a crime of violence under the elements clause. *See United States v. Cochran*, 2018 WL 1709506 at \*2-3; *United States v. Jackson*, 713 F.App'x 172, 174-75 (4th Cir. 2017).

C.    Mr. Brooks' prior Georgia robbery conviction is not a crime of a violence under the enumerated offense clause

Section 4B1.2(a)(2) enumerates eight offenses, including "robbery." However, not all offenses labeled "robbery" in a statute constitute robbery for Guidelines purposes. *See Mathis*, 136 S. Ct at 2251. An offense qualifies as one of these enumerated offenses if all of its elements match (or are narrower than) the "generic" elements of the offense. *Descamps v. United States*, 570 U.S. 254, 257 (2013); *See also United States v. Howard*, 742 F.3d 1334, 1345-36 (11th Cir. 2014) (citing *Moncrieffe*, 133 S. Ct. at 1684). The Eleventh Circuit has explained that the "generic, contemporary" definition of robbery is "the taking of property from another person or from the immediate presence of another by force or intimidation." *United States v. Lockley*, 632 F.3d 1238, 1244 (11th Cir. 2011). And again, Georgia robbery by sudden snatching can be committed without an act of violent physical harm,

21

bodily injury, or intimidation; thus, the Georgia robbery statute criminalizes a broader range of conduct than the generic offense of robbery. The Fourth Circuit Court of Appeals agreed with this conclusion in *United States v. Jackson,* 713 F. App'x 172, 176-77 (4th Cir. 2017) and *United States v. Fluker*, 891 F.3d 541, 547-49 (4th Cir. 2018). The Fourth Circuit held that a Georgia robbery conviction is not a crime of violence under the career offender guideline, USSG. §4B1.2. After applying the categorical approach, the Fourth Circuit found that a Georgia robbery can be accomplished through a sudden snatching, which requires an amount of force less than that required under the generic definition of robbery and could not qualify as a career offender predicate. *Id.*

Further, in *United States v. Cochran*, 2018 WL 1709506 at *1-6, (NDFL 2018), the Northern District of Florida held that a Georgia robbery conviction was not a crime of violence for career offender purposes. The district court held that the Georgia robbery statute enumerates three means of effectuating a taking and one such means is a sudden snatching involving no physical harm, a Georgia robbery conviction is not a predicate crime of violence.

22

Here, Mr. Brooks pled to Georgia robbery in violation of O.C.G.A. §16-8-40 in 2008 in case #07-CR-100 in Brooks County, GA. (Doc. 30 at 6). The government focuses on the issue that Mr. Brooks pled to a lesser included crime of robbery from armed robbery and therefore should still count as a crime of violence: "And if you're going to look at – again, if you're going to look at the *Shepard* documents to determine this, you look at them in their whole, and you look at them with commonsense and what was really happening in the instance of the case. So he was clearly not pleading to the sudden snatching." (Doc. 47 at 19-20). However, the government's focus is misplaced. The modified categorical approach and *Shepard* documents are there to provide clarity for the analysis of the elements of the underlying crime, not the facts. *Descamps*, 570 U.S. at 263. Further, the focus is not whether all of the acts are criminalized by the statutory phrase, but "whether the *least* of the acts criminalized" constitute a crime of violence. *See United States v. Davis*, 875 F.3d 592, 598 (11th Cir. 2017)(emphasis added). Moreover, in Mr. Brooks' case, the *Shepherd* documents do not show which type or means or subsection of Georgia robbery Mr. Brooks pled to in 2008.(Doc. 30 at 47, *see also* Exhibit A). Here, sudden snatching applies to Mr.

23

Brooks' analysis, regardless of what details the government and Probation Office choose to focus on.

Further, the government comments that the U.S. Probation Office cited to case law in the circuit to support that: "Sudden snatching does have an implicit element of force, while there are cases out there, they are not controlling cases that indicate that sudden snatching is not a crime of violence the Eleventh Circuit has in other cases indicated that would qualify." (Doc. 47 at 20). However, the cases cited by the U.S. Probation Office was from *United States v. Farris*, 77 F.3d 391 (11th Cir. 1996), a case that preceded the landmark decision in *Johnson v. United States*, 136 S.Ct. 1257 (2016) and the residual clause removal and *Mathis v. United States,* 136 S. Ct. 2243 (2016). Further, the U.S. Probation Office cited to *United States v. Johnson*, No. 13-14335 (11th Cir. 2014) and *United States v. Welch*, 683 F.3d 1304 (11th Cir. 2012) to support their claim that Mr. Brooks' conviction qualified because it was a robbery by sudden snatching, when in fact, both cases cited were for Florida Robbery by sudden snatching and not Georgia Robbery. The government's and U.S. Probation Office's focus on "what the facts show" was misguided and exemplifies the warning in *Mathis* of sentencing

24

courts going beyond the elements of the conviction in increasing a defendant's sentence. Mr. Brooks' Georgia robbery conviction should not have counted as a crime of violence and the district court erred when it overruled his objection. Mr. Brooks' case should be remanded for resentencing without the predicate offense and his base offense level should be reduced to 22. (Doc. 30 at 19).

## II. The district court erred when it applied the enhancements under USSG §2K2.1(b)(4) and §2K2.1(b)(6)(B)

A sentence is procedurally unreasonable if the district court, among other things, neglects to calculate the advisory guideline range correctly. *See United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). The "government bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement, and the district court must ensure that the prosecution meets this standard [by exercising its factfinding function] before adding months or years onto a defendant's prison sentence." *United States v. Kinnard*, 472 F.3d 1294, 1298 (11th Cir. 1996) (internal quotation and citation omitted).

Under USSG §2K2.1(b)(6)(B), a defendant receives a four-level enhancement for use or possession of a firearm "in connection with"

another felony offense. Application Note 14 at (A) of §2K2.1 explains that the enhancement applies if "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." Another felony offense is defined traditionally, as an offense punishable by imprisonment more than year according to law, whether or not the offense resulted in a charge or conviction. *Id.* at (C). "Where a defendant objects to the factual basis of his sentence, the government has the burden of establishing the disputed fact." *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006). The government must prove a disputed fact used for guidelines calculations by a preponderance of the evidence. *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005).

At the sentencing hearing, after the defendant has objected to the factual basis for, or application of, a particular sentencing enhancement, and the government has provided evidence, "the district court must either: (1) make an explicit factual finding as to the allegation; or (2) determine that no such finding is necessary because the matter controverted will not be taken into account in sentencing the defendant." *United States v. Lawrence*, 47 F.3d 1559 at 1567 (11th Cir. 1995)(citing Fed. R. Crim. P. 32(c)(3)(D).

26

A. <u>The Smith & Wesson stolen firearm should not have been included as relevant conduct and the two-level enhancement under USSG §2K2.1(b)(4).</u>

Under the Guidelines §1B1.3 for relevant conduct, "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured or willfully caused by the defendant…that occurred *during* the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense" can be taken into consideration during sentencing. USSG §1B1.3(a)(1)(A) (emphasis added). The relevant conduct extends further if there is evidence that they "were part of the same course of conduct or common scheme or plan as the offense of conviction." USSG §1B1.3(a)(2).

A "common scheme or plan" must show that the two offenses are "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose or similar *modus operandi*." USSG §1B1.3, Application Note 5 (B)(i). Offenses that do not qualify under the same common scheme, may qualify under the "same course of conduct if they are sufficiently connected". USSG §1B1.3, Application Note 5 (B)(ii). Three factors to

help assess whether it is the "same course of conduct include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id.*

Here, a Glock Model 19 was found on October 2020 and Mr. Brooks was charged with possession of a firearm by a convicted felon. (Doc. 30 at 3). Three months later, Mr. Brooks was stopped for a traffic violation and a stolen Smith & Wesson was located in the vehicle. (Doc. 30.) A federal indictment charging Mr. Brooks for the Glock firearm was issued on January 13, 2021. (Doc. 1). Mr. Brooks was never charged with the Smith & Wesson firearm by the government.

During the sentencing hearing, Mr. Brooks objected to the Smith & Wesson being used under relevant conduct to enhance his guideline offenses under USSG §2K2.1(a)(4) for being stolen and in connection with another felony offense. The two firearms are not connected and were isolated, unrelated events except involving Mr. Brooks. "They are committed three months apart, there are distinct differences in the fact patterns, and further the indictment was filed four days prior to the January incident." (Doc. 47 at 10). The government responded that the second firearm, Smith & Wesson, was relevant conduct because both

28

firearms were stolen and he was possessing firearms illegally. (Doc. 47 at 8-9). However, the offense conviction firearm, the Glock was not stolen as the government told the Court; only the unindicted Smith & Wesson. Further, the government concedes it is a "broad" reading of relevant conduct, yet thought it was appropriately narrow enough to qualify. (Doc. 47 at 9). The stolen Smith & Wesson should not have been included as relevant conduct as it was not part of the same common scheme or plan or same course of conduct. Mr. Brooks should not have received the two-level enhancement for stolen firearm under USSG §2K2.1(b)(4) and should be resentenced.

B. The Government failed to provide evidence that the stolen Smith & Wesson was used in connection with another felony offense.

Here, Mr. Brooks objected to the four-level enhancement under USSG §2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense, theft by receiving stolen property. The U.S. Probation Office used the second, stolen, unindicted firearm, as relevant conduct to support their four-level enhancement for in connection with the felony offense of theft by receiving stolen property. The Smith & Wesson should not have been included under relevant conduct, but even

arguing it does apply, the enhancement for in connection with another felony offense should not apply.

The government nor Probation provided any evidence of the alleged felony offense of theft by receiving stolen property. Nor did the district court inquire about any evidence to support the allegation of theft by receiving stolen property. There was no evidence to show that Mr. Brooks was suspected in a theft or burglary surrounding the gun. There was no evidence that the gun even belonged to Mr. Brooks. The Probation Office based its application of the four-level enhancement solely on the fact Mr. Brooks was charged with theft by receiving stolen property when arrested because the gun was reported stolen. There was no evidence provided by the government, probation to show that there was any theft, or that Mr. Brooks owned the gun or knew of the stolen firearm. Further, there was no evidence to show that the firearm facilitated the theft by receiving stolen property because the gun is the stolen property in question. The government's response was simply that: "It ["the firearm"] facilitates it by, in this instance, really just being a part of it, that facilitates." (Doc. 47 at 14).

As the Fourth Circuit stated in *United States v. Blount*, 337 F.3d 404, 406 (4th Cir. 2003):

> "The purpose of this enhancement is to ensure that a defendant receives more severe punishment if, in addition to committing a firearms offense within the scope of §2K2.1, he commits a *separate* felony offense that is rendered more dangerous by the presence of a firearm."

It would be a different scenario had Mr. Brooks been suspected of committing separate burglaries or thefts and was found with a stolen firearm on him; however, that is not the situation here. He was pulled over for an improper turn traffic violation (not a felony offense) and arrested for a federal warrant, not because he was suspected in any separate thefts. There was no evidence to support the enhancement that the unrelated stolen Smith & Wesson was possessed in connection with the theft by taking stolen firearm. Even the government conceded the "conundrum" caused by the use of the unrelated, stolen Smith & Wesson, and recommended a two-level departure for "seeming unfairness." (Doc. 47 at 27, 15). The government failed to prove that the unrelated Smith & Wesson was used in connection with theft by receiving stolen property and the enhancement should not have been

applied. This Court should remand Mr. Brooks case for resentencing without the four-level enhancement under USSG §2K2.1(b)(6)(B).

## Conclusion

For these reasons, Mr. Brooks respectfully requests that this Court reverse the district court's ruling of his objections and remand for resentencing.

Respectfully submitted this 24th day of August 2022.

JESSICA M. LEE
Federal Defenders of the
Middle District of Georgia, Inc.
233 12th Street, Suite 400
Columbus, Georgia 31901
Tel:  (706) 358-0030
Fax: (706) 358-0029
Email: jessy_m_lee@fd.org
Appellate Counsel for Mr. Brooks

## Certificate of Compliance

Pursuant to Fed. R. App. P. 32 (a)(7), I, Jessica Lee, appellate counsel for Mr. Brooks, hereby certify that the number of words in this brief, as counted by the Microsoft Office Word processing system, according to the method described in 11th Cir. R. 32-4, is <u>5,845</u> words, which is less than the 13,000 allowed for appellate briefs by Fed. R. App. P. 32(a)(7)(B)(i).

## Certificate of Service

I, Jessica Lee, hereby certify that on August 24, 2022, electronically filed the foregoing *Appellant's Principal Brief* with the Clerk of Court for the Eleventh Circuit using the CM/ECF Appellate system, which will send electronic notification of such to all counsel of record. I also certify that I caused a copy of the foregoing *Appellant's Principal Brief* to be served in paper format upon Mr. Brooks, by placing a copy of the same in the United States Mail, postage prepaid, addressed to: Mr. Xavier Brooks, BOP #74267-509 at FCI Jesup, Federal Correctional Institution, 2680 301 South, Jesup, GA 31599. I further certify that I caused the foregoing submission to be dispatched for filing with the Clerk of Court by Federal Express overnight delivery.

JESSICA M. LEE
Federal Defenders of the
Middle District of Georgia, Inc.
233 12th Street, Suite 400
Columbus, Georgia 31901
Tel: (706) 358-0030
Fax: (706) 358-0029
Email: jessy_m_lee@fd.org
Appellate Counsel for Mr. Brooks